William B. Jones, II, Esq. (ID #046531995)　　**Document Electronically Filed**
SIMIO & JONES, LLP
80 Main Street, Suite 360
West Orange, New Jersey 07052
(973) 984-5970
Attorneys for Defendant/Counterclaimant
Old Republic National Title Insurance Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUIST BANK,<br><br>　　　Interpleader Plaintiff,<br><br>v.<br><br>PASJ PROPERTIES LLC, DMITRY POYARKOV; LENDINGONE LLC; CHICAGO TITLE INSURANCE COMPANY as assignee of MOFIN LENDING CORPORATION; FOUNDERS TITLE AGENCY as agent of DOE COMPANY; OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY as subrogee and assignee of NEW SILVER LENDING LLC; OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY as assignee of EXPRESS CAPITAL HOLDINGS LLC; STEWART TITLE GUARANTY COMPANY as subrogee and assignee of LIMA ONE CAPITAL, LLC; HILLIARDS PROPERTIES LLC; CONSTRUCTION EXPRESS LLC; THRIFTY CAR SALES a/k/a AUTO MIAMI GROUP LLC; PICO ASSETS LLC; HORBAX INDUSTRIES CORP.; ANASTASIIA IARMOLENKO; PICO HOMES LLC; VIDA DYNAMICS LLC; OPTIMA INDUSTRIES LLC; and SET THE STAGE MANAGEMENT LLC,<br><br>　　　Interpleader Defendants. | Civil Action No. 1:25-cv-00817-KMW-EAP<br><br>**INTERPLEADER DEFENDANT OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY'S ANSWER TO INTERPLEADER COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM FOR INTERPLED FUNDS** |

Interpleader Defendant Old Republic National Title Insurance Company ("Old Republic"), in its capacity as subrogee and assignee of New Silver Lending LLC ("New Silver"), and as assignee of Express Capital Holdings LLC ("Express"), through its attorneys, Simio & Jones, LLP, hereby answers the Interpleader Complaint (the "Complaint") of plaintiff Truist Bank ("Plaintiff") as follows:

I.  **PARTIES, JURISDICTION AND VENUE**

1. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and leaves Plaintiff to its proofs.

2. Old Republic admits the allegations set forth in the first sentence of paragraph 2 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 2 of the Complaint and leaves Plaintiff to its proofs.

3. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint and leaves Plaintiff to its proofs.

4. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and leaves Plaintiff to its proofs.

5. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and leaves Plaintiff to its proofs.

6. Old Republic admits the allegations set forth in paragraph 6 of the Complaint.

7. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint and leaves Plaintiff to its proofs.

8. Old Republic denies knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 8 of the Complaint and leaves Plaintiff to its proofs.

9. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint and leaves Plaintiff to its proofs.

10. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and leaves Plaintiff to its proofs.

11. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and leaves Plaintiff to its proofs.

12. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and leaves Plaintiff to its proofs.

13. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint and leaves Plaintiff to its proofs.

14. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint and leaves Plaintiff to its proofs.

15. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint and leaves Plaintiff to its proofs.

16. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and leaves Plaintiff to its proofs.

17. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint and leaves Plaintiff to its proofs.

18. Old Republic admits the allegations set forth in the first sentence of paragraph 18 of the Complaint to the extent that they relate to Old Republic, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of

paragraph 18 of the Complaint and leaves Plaintiff to its proofs. Old Republic admits the allegations set forth in the second sentence of paragraph 18 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of paragraph 18 of the Complaint and leaves Plaintiff to its proofs.

19. Old Republic neither admits nor denies the allegations set forth in paragraph 19 of the Complaint, as they constitute legal conclusions to which no response is required, and the allegations set forth therein are not made against Old Republic. To the extent that it is determined that those allegations are made against Old Republic, they are hereby denied.

20. Old Republic neither admits nor denies the allegations set forth in paragraph 20 of the Complaint, as they constitute legal conclusions to which no response is required, and the allegations set forth therein are not made against Old Republic. To the extent that it is determined that those allegations are made against Old Republic, they are hereby denied.

21. Old Republic neither admits nor denies the allegations set forth in paragraph 21 of the Complaint, as they constitute legal conclusions to which no response is required, and the allegations set forth therein are not made against Old Republic. To the extent that it is determined that those allegations are made against Old Republic, they are hereby denied.

**II.    FACTS**

    **A.    Incoming Transfers to PASJ's Bank Account**

22. Old Republic admits the allegations set forth in paragraph 22 of the Complaint.

(a) Old Republic admits the allegations set forth in paragraph 22(a) of the Complaint.

(b) Old Republic admits the allegations set forth in paragraph 22(b) of the Complaint.

(c) Old Republic admits the allegations set forth in paragraph 22(c) of the Complaint.

(d) Old Republic admits the allegations set forth in paragraph 22(d) of the Complaint.

(e) Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22(e) of the Complaint.

23. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint and leaves Plaintiff to its proofs.

**B.     Outgoing Transfers from PASJ's Bank Account**

24. Old Republic admits the allegations set forth in paragraph 24 of the Complaint to the extent that they relate to the funds of Express. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 24 of the Complaint and leaves Plaintiff to its proofs.

(a) Old Republic admits the allegations set forth in paragraph 24(a) of the Complaint.

(b) Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24(b) of the Complaint and leaves Plaintiff to its proofs.

(c) Old Republic admits the allegations set forth in paragraph 24(c) of the Complaint.

(d) Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24(d) of the Complaint and leaves Plaintiff to its proofs.

(e) Old Republic admits the allegations set forth in paragraph 24(e) of the Complaint.

(f) Old Republic admits the allegations set forth in paragraph 24(f) of the Complaint.

(g) Old Republic admits the allegations set forth in paragraph 24(g) of the Complaint.

(h) Old Republic admits the allegations set forth in paragraph 24(h) of the Complaint.

(i)     Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24(i) of the Complaint and leaves Plaintiff to its proofs.

(j)     Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24(j) of the Complaint and leaves Plaintiff to its proofs.

(k)     Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24(k) of the Complaint and leaves Plaintiff to its proofs.

(l)     Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24(l) of the Complaint and leaves Plaintiff to its proofs.

(m)     Old Republic denies the allegations set forth in paragraph 24(m) of the Complaint.

(n)     Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24(n) of the Complaint and leaves Plaintiff to its proofs.

(o)     Old Republic admits that on May 28, 2024, $795,264.40 was returned from the Hilliards Account to the PASJ Account. Old Republic denies, however, that those funds were returned to the PASJ Account as the result of a check being written, as they were instead returned in response to wire recalls issued by MoFin Lending Corporation ("MoFin") and New Silver.

(p)     Old Republic denies the allegations set forth in paragraph 24(p) of the Complaint.

(q)     Old Republic denies knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 24(q) of the Complaint and leaves Plaintiff to its proofs.

(r)  Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24(r) of the Complaint and leaves Plaintiff to its proofs.

(s)  Old Republic denies the allegations set forth in paragraph 24(s) of the Complaint.

(t)  Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24(t) of the Complaint and leaves Plaintiff to its proofs.

(u)  Old Republic denies the allegations set forth in paragraph 24(u) of the Complaint.

(v)  Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24(v) of the Complaint and leaves Plaintiff to its proofs.

(w)  Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24(w) of the Complaint and leaves Plaintiff to its proofs.

(x)  Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24(x) of the Complaint and leaves Plaintiff to its proofs.

25.  Old Republic admits the allegations set forth in paragraph 25 of the Complaint only to the extent that the terms of Order attached at Exhibit "A" to the Complaint speak for themselves. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the

remaining allegations set forth in paragraph 25 of the Complaint and leaves Plaintiff to its proofs.

26.	Old Republic admits the allegations set forth in paragraph 26 of the Complaint only to the extent that the terms of Order attached at Exhibit "B" to the Complaint speak for themselves. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 26 of the Complaint and leaves Plaintiff to its proofs.

27.	Old Republic admits the allegations set forth in paragraph 27 of the Complaint.

28.(a)-(n) Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 28(a)-(n) of the Complaint and leaves Plaintiff to its proofs.

29.	Old Republic denies the allegations set forth in paragraph 29 of the Complaint to the extent that those allegations relate to Old Republic. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the Complaint and leaves Plaintiff to its proofs.

30.	Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint and leaves Plaintiff to its proofs.

## COUNT ONE- INTERPLEADER

31.	Old Republic repeats and realleges its answers to the allegations contained in the foregoing paragraphs of the Complaint as if set forth at length herein.

32.	Old Republic admits the allegations set forth in paragraph 32 of the Complaint only to the extent that those allegations relate to Old Republic. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 32 of the Complaint and leaves Plaintiff to its proofs..

33. Old Republic denies the allegations set forth in paragraph 33 of the Complaint to the extent that those allegations relate to Old Republic. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 33 of the Complaint and leaves Plaintiff to its proofs.

34. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint and leaves Plaintiff to its proofs.

35. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint and leaves Plaintiff to its proofs.

**COUNT TWO - RECOVERY OF ATTORNEY'S FEES**

36. Old Republic repeats and realleges its answers to the allegations contained in the foregoing paragraphs of the Complaint as if set forth at length herein.

37. Old Republic denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint and leaves Plaintiff to its proofs.

38. Old Republic denies that Plaintiff is entitled to recovery of attorneys' fees, expenses and court costs, as alleged in paragraph 38 of the Complaint.

39. Old Republic denies that Plaintiff is entitled to recovery of attorneys' fees, expenses and court costs, as alleged in paragraph 39 of the Complaint.

WHEREFORE, Old Republic respectfully requests that the Court enter judgment in its favor and against Plaintiff:

a. Immediately compelling Plaintiff to produce to Old Republic copies of the account activity and history for all of the bank accounts referenced in the Complaint for the period of April 7, 2024 through June 7, 2024;

b. Immediately compelling Plaintiff to produce to Old Republic copies

      of any documents relating to wire recalls issued to Plaintiff and made on behalf of Express and/or New Silver;

c.     Immediately compelling Plaintiff to produce to Old Republic a list of all bank accounts held, created and /or maintained by defendants PASJ Properties LLC ("PASJ") and/or Dmitry Poyarkov ("Poyarkov") with Plaintiff;

d.     Directing Plaintiff to pay to Old Republic all of the proceeds of the New Silver and Express loans to PASJ, with interest;

e.     Directing Plaintiff to pay to Old Republic all of the proceeds, with interest, in Truist account ending in 6159 (the "PASJ Account," which was held by PASJ), totaling $374,715.20 as of January 30, 2025 according to the Complaint, as those proceeds constitute the funds of Express;

f.     Awarding Plaintiff nothing by way of its Complaint;

g.     Awarding Old Republic its reasonable attorneys fees and costs of suit; and

h.     Granting Old Republic such other and further relief as may be appropriate and necessary.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Old Republic, in its capacity as subrogee and assignee of New Silver, and as assignee of Express, is entitled to the interpled funds Truist has restrained in the PASJ Account, as those funds constitute the funds of Express, which were returned to the PASJ Account from Truist account ending in 8485 (the "Hilliards Account") in response to a request made by New Silver.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a recovery of its attorneys' fees, expenses and court costs.

Old Republic reserves the right to assert additional defenses that may be pertinent as this matter proceeds.

**COUNTERCLAIM FOR INTERPLED FUNDS**

Old Republic by way of Counterclaim against the interpled funds, states:

40. Old Republic repeats and realleges its answers and Affirmative Defenses to the allegations contained in the Complaint.

41. Defendants PASJ and Dmitry Poyarkov ("Poyarkov") (collectively the "PASJ Defendants") conducted an alleged "loan stacking" scheme through which they obtained multiple loans from different lenders without the lenders' knowledge or approval.

42. The PASJ Defendants received nearly $2.3 million in loan proceeds from five intended first loans secured by mortgages encumbering one property - 1 Chateau Drive, Cherry Hill, New Jersey (the "Property") - valued at approximately $510,000.00.

43. New Silver and Express were two of the lenders who were victimized by the PASJ Defendants' scheme.

44. New Silver loaned $441,000.00 to PASJ, evidenced by a Mortgage from PASJ to New Silver dated May 23, 2024 and recorded on May 31, 2024 in Mtg OR Book 12592 Page 356 in the Camden County Clerk's Office (the "New Silver Mortgage").

45. Express loaned $459,000.00 to PASJ, evidenced by a Mortgage executed on May 21, 2024 and recorded on May 28, 2024 in Mtg OR Book 12589, Page 382 in the Camden County Clerk's Office (the "Express Mortgage").

46. New Silver required that the New Silver Mortgage be a first lien against the Property, as evidenced by Covenant 4 of the New Silver Mortgage which requires PASJ to "promptly discharge any lien that has priority or may attain priority over this Security Instrument ... "

47. Express required that the Express Mortgage be a first lien against the Property, with

11

no secondary financing.  See page 4 of the Express Mortgage.

48. On the date of the closing of the New Silver Mortgage, May 23, 2024, New Silver wired $281,292.92 to title agent West Jersey Title Agency ("West Jersey Title"), and West Jersey Title wired PASJ funds in the amount of $374,715.20 to PASJ's bank account at Plaintiff.

49. On the date of the closing of the Express Mortgage, Express wired $441,038.37 to its title agent All Ahead Title Agency ("All Ahead Title"), and All Ahead Title wired PASJ funds in the amount of $433,691.81 to PASJ's bank account at Plaintiff.

50. New Silver discovered the fraud and immediately requested that its wire of the funds be returned.  Plaintiff is currently holding $374,715.20 in the PASJ account, which was frozen in response to New Silver's request.  Those monies, however, are actually the funds of Express.

51. On April 24, 2024, Old Republic issued a title commitment to Express, insuring the Express Mortgage as a valid first lien upon the Property.

52. On May 31, 2024, Old Republic issued a title insurance policy to New Silver, insuring the New Silver Mortgage as a valid first lien upon the Property.

53. Both New Silver and Express submitted claims for title insurance coverage to Old Republic.  In response, Old Republic settled those claims and took assignment of the New Silver Mortgage and the Express Mortgage.  As of September 25, 2024, Old Republic was owed $460,753.50 and $480,994.50, on each of the two mortgages, respectively.

WHEREFORE, Old Republic respectfully requests that the Court enter judgment in its favor and against Plaintiff:

    a. Immediately compelling Plaintiff to produce to Old Republic copies of the account activity and history for all of the bank accounts referenced in the Complaint for the period of April 7, 2024 through June 7, 2024;

b. Immediately compelling Plaintiff to produce to Old Republic copies of any documents relating to wire recalls issued to Plaintiff and made on behalf of Express and/or New Silver;

c. Immediately compelling Plaintiff to produce to Old Republic a list of all bank accounts held, created and/or maintained by PASJ and/or Poyarkov with Plaintiff;

d. Directing Plaintiff to pay to Old Republic of all of the proceeds of the New Silver and Express loans to PASJ;

e. Directing Plaintiff to pay to Old Republic all of the proceeds, with interest, in the PASJ Account, totaling $374,715.20 as of January 30, 2025 according to the Complaint, as those proceeds constitute the funds of Express;

f. Awarding Plaintiff nothing by way of its Complaint;

g. Awarding Old Republic its reasonable attorneys fees and costs of suit; and

h. Granting Old Republic such other and further relief as may be appropriate and necessary.

Respectfully Submitted,

*/s/ William B. Jones, II*
William B. Jones, II, Esq.
Attorney ID No. 046531995
SIMIO & JONES, LLP
80 Main Street, Suite 360
West Orange, New Jersey 07052

Dated: April 7, 2025

Attorneys for Defendant/Counterclaim Plaintiff
Old Republic National Title Insurance Company