Michael Eskenazi, Esq. (251702017)
**FRIEDMAN VARTOLO LLP**
A Limited Liability Partnership formed in the State of New York
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150
*Attorneys for Defendant LendingOne, LLC*
Firm Case No.: 242834-2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------x

| | |
|---|---|
| TRUIST BANK, | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| Interpleader Plaintiff, | |
| | CIVIL ACTION NO.: 1:25-cv-00817 |
| vs. | |
| | **DEFENDANT LENDINGONE LLC'S ANSWER TO THE COMPLAINT** |
| PASJ PROPERTIES LLC; DMITRY POYARKOV; LENDINGONE LLC; CHICAGO TITLE INSURANCE COMPANY as assignee of MOFIN LENDING CORPORATION; FOUNDERS TITLE AGENCY as agent of DOE COMPANY; OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY as subrogee and assignee of NEW SILVER LENDING LLC; OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY as assignee of EXPRESS CAPITAL HOLDINGS LLC; LIMA ONE CAPITAL, LLC; HILLIARDS PROPERTIES LLC; CONSTRUCTION EXPRESS LLC; THRIFTY CAR SALES a/k/a AUTO MIAMI GROUP LLC; PICO ASSETS LLC; HORBAX INDUSTRIES CORP.; ANASTASIIA IARMOLENKO; PICO HOMES LLC; VIDA DYNAMICS LLC; OPTIMA INDUSTRIES LLC; and SET THE STAGE MANAGEMENT LLC, | **JURY TRIAL DEMANDED** |
| Interpleader Defendants. | |

---------------------------------------------------------------x

Defendant LENDINGONE, LLC, a duly organized corporation having its principal place of business at 777 W Yamato Rd Ste 510, Boca Raton, FL 33431 (hereinafter "Defendant") by its attorneys FRIEDMAN VARTOLO LLP, answers the Complaint as set forth below:

## **A**S TO THE **F**ACTUAL **A**LLEGATIONS:

1. Defendant lacks sufficient knowledge or information to admit or deny the allegation contained in Paragraph Twenty-Two (22) of the Complaint.

2. Defendant lacks sufficient knowledge or information to admit or deny the allegation contained in Paragraph Twenty-Three (23) of the Complaint.

3. Defendant lacks sufficient knowledge to admit or deny the allegation contained in Paragraph Twenty-Four (24) of the Complaint.

4. Defendant lacks sufficient knowledge to admit or deny the allegation contained in Paragraph Twenty-Five (25) of the Complaint.

5. Defendant lacks sufficient knowledge to admit or deny the allegation contained in Paragraph Twenty-Six (26) of the Complaint.

6. Defendant lacks sufficient knowledge to admit or deny the allegation contained in Paragraph Twenty-Seven (27) of the Complaint.

7. Defendant lacks sufficient knowledge to admit or deny the allegation contained in Paragraph Twenty-Eight (28) of the Complaint.

8. Defendant lacks sufficient knowledge to admit or deny the allegation contained in Paragraph Twenty-Nine (29) of the Complaint.

9. Defendant admits the allegation contained in Paragraph Thirty (30) of the Complaint.

## **A**S TO THE **F**IRST **C**AUSE OF **A**CTION:

10. Defendant denies the allegation contained in Paragraph Thirty-One (31).

11. Defendant admits the allegations in Paragraph Thirty-Two (32) of the Complaint as to Defendant only.

12. Defendants lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph Thirty-Three (33) of the Complaint.

13. Defendants lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph Thirty-Four (34) of the Complaint.

14. Paragraph Thirty-Five (35) of the Complaint contains only legal conclusions to which no response is required.

**AS TO THE SECOND CAUSE OF ACTION:**

15. Defendant denies the allegations contained in Paragraph Thirty-Six (36) of the Complaint

16. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph Thirty-Seven (37) of the Complaint.

17. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph Thirty-Eight (38) of the Complaint.

18. Paragraph Thirty-Nine (39) of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph Thirty-Nine (39) of the Complaint.

**CROSS-CLAIM**

1. On May 17, 2024, defendant PASJ Properties LLC (hereinafter "PASJ") being indebted to LendingOne, LLC in the sum of $463,500.00, executed a fixed rate promissory note (hereinafter "Note") to secure that sum with interest at the initial interest rate of 9.49% per annum.

2. To secure payment of the obligation described above, PASJ executed a Mortgage to Defendant of even date with said Note and thereby conveyed the fee in land hereinafter described to Defendant. Said Mortgage was recorded in the County Clerk's Office of Camden on May 28, 2024, in Book 12588 of Mortgages for said County on Page 1767 *et seq*.

3. On July 1, 2024, one month after the first payment was due under the Note, PASJ failed to pay the monthly installments of principal and interest due on said date as required by the Note. Said monthly installments and all subsequent installments remain unpaid.

WHEREFORE, Defendant requests that the Court enter an ORDER:

(1) Dismissing Plaintiff's Interpleader Complaint.

(2) Directing Plaintiff to release funds sufficient to pay off the above-described mortgage loan to Defendant

(3) To the extent That the Court does not order the immediate release of funds to Defendant, that it enter an Order directing Plaintiff to deposit all funds referenced in the Complaint into an interest-bearing account for subsequent distribution according to this Court's direction; and

(4) That the Court enter an order distributing the interpleaded funds in a just and equitable manner.

(5) That the Court enter an order enjoining all defendants in this matter from instituting any separate action or proceeding regarding potential claims against the interplead funds.

(6) That the Court deny Plaintiff's request for cost or attorneys' fees.

(7) That Defendant be awarded taxable costs.

(8) That the Court grant Defendant any further relief that the Court may deem just and fair.
.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

Date: April 4, 2025

By: /s/ Michael Eskenazi
Michael E. Eskenazi, Esq.

Printed Name of Attorney: Michael E. Eskenazi, Esq.
Bar Number: 251702017
Name of Law Firm: Friedman Vartolo LLP
Street Address: 1325 Franklin Avenue, Suite 230,

Garden City
State and Zip Code: New York 11530
Telephone Number: 212-471-5100
E-mail Address: meskenazi@friedmanvartolo.com