IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TRUIST BANK,<br><br>    Interpleader Plaintiff,<br><br>v.<br><br>PASJ PROPERTIES, LLC., *et al.*,<br><br>    Interpleader Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-cv-817-KMW-EAP<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court on Plaintiff Truist Bank's ("Truist") unopposed motion for interpleader deposit (ECF No. 39) whereby it requests leave to deposit interpleader funds into the Court's registry[1]. Truist moves against seventeen defendants which are a mix of individuals and entities—PASJ Properties LLC, Dmitry Poyarkov, Lendingone LLC, Chicago Title Insurance Company as assignee of Mofin Lending Corporation, Founders Title Agency as agent of Doe Company, Old Republic National Title Insurance Company as subrogee and assignee of New Silver Lending LLC and as assignee of Express Capital Holdings LLC; Lima One Capital Holdings LLC, Hilliards Properties LLC, Construction Express LLC, Thrifty Car Sales a/k/a Auto Miami Group LLC, Pico Assets LLC, Horbax Industries Corp. Anastasiia Iarmolenko; Pico Homes LLC, Vida Dynamics LLC, Optima Industries LLC, and Set the State Management LLC (together, "Defendants"); and

**THE COURT NOTING** that Defendants PASJ Properties ("PASJ") and Dmitry Poyarkov ("Poyarkov") allegedly engaged in a fraudulent mortgage-stacking scheme whereby they were granted five first priority mortgages, the proceeds of which were deposited by five separate lenders

---

[1] Truist does not, at this time, request attorneys' fees and costs, nor does it request a discharge from further liability relating to the funds and dismissing it from this action, as would typically be expected when moving for interpleader relief.

into Defendant PASJ's bank account at Truist totaling $2,068,069.59. (ECF No. 39-1 at p. 3)[2]. Subsequent to the five mortgage deposits, an additional deposit was made by Defendant Founders Title Agency in the amount of $242,257.59. *Id.* After all proceeds were deposited into PASJ's bank account, which were comingled with other funds, various transactions occurred between and among the Defendants and other parties not named in the instant suit, whereby some of the money was disbursed. *Id.* Having no interest in the proceeds and seeking to avoid exposure to multiple liabilities, on April 8, 2025, Truist commenced this action, seeking leave to deposit the remaining balance of the account ("Fund"), $629,521.43, into the Court's registry. (ECF No. 39-1 at p. 4); and

**WHEREAS**, interpleader "is a remedial device which enables a person holding property or money to compel two or more persons asserting mutually exclusive rights to the fund to join and litigate their respective claims in one action." *NYLife Distributors, Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 374 (3d Cir. 1995)[3]; and

**WHEREAS**, by the instant Motion, Truist seeks the entry of an order permitting it to deposit the proceeds of the Fund into the Court's registry[4];

---

[2] Pl.'s Memorandum in support of Motion for Interpleader Deposit (ECF No. 39-1)

[3] "There are two sources of interpleader relief in federal court: statutory interpleader under 28 U.S.C. § 1335, and rule interpleader under Federal Rule of Civil Procedure 22." *Stonebridge Life Ins. Co. v. Kissinger*, 89 F. Supp. 3d 622, 625 (D.N.J. 2015). The principal distinction between the two is one of subject matter jurisdiction. Section 1335 grants "original jurisdiction" to district courts over interpleader actions and sets forth certain requirements that must be met before the action may be maintained. *See* 28 U.S.C. § 1335; *see also NYLife Distributors*, 72 F.3d at 374. In contrast, Rule 22 is "no more than a procedural device," requiring the plaintiff to "plead and prove an independent basis for subject matter jurisdiction." *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007).

[4] Presumably, Truist has mistakenly relied on the pre-amended version of Local Civil Rule 67.1, which previously imposed a blanket prohibition on deposits into the registry without prior court approval. That restriction, however, rather infamously conflicted with § 1335: "The language of the interpleader [statute] indicates that it is a condition on jurisdiction under the statute that the stakeholder deposit with the Registry of the court the money or property that is the subject of the multiple claims, or that the stakeholder give a bond in a sufficient amount to insure compliance with any future order or judgment of the court in the action. The case will not proceed unless this jurisdictional requirement is satisfied." CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURES § 1716 (3d ed.). (footnotes omitted); see also *Wells Fargo Bank, N.A. v. Comments Sols., LLC*, No. 1:19-CV-77, 2019 WL 6873257, at *3 (D.N.J. Dec. 17, 2019) (recognizing that former Local Civil Rule 67.1 "directly conflict[ed] with the interpleader

**IT IS HEREBY** on this **30th** day of **October, 2025**,

**ORDERED** that Plaintiff's Motion (ECF No. 39) is **DENIED AS MOOT** insofar as it seeks leave to proceed with a deposit under Local Civil Rule 67.1[5].

_____
KAREN M. WILLIAMS
United States District Judge

---

statute's jurisdictional prerequisite"). In recognition of this conflict, Local Civil Rule 67.1 was "specifically amended to allow [interpleader] plaintiffs to deposit funds without leave of Court or a formal Court [o]rder." *Prudential Ins. Co. of Am. v. Evans*, No. 1:20-CV-3036, 2022 WL 613847, at *4 (D.N.J. Mar. 2, 2022); see also L. Civ. R. 67.1(a)(1)(A) ("Unless an applicable statute requires the deposit of funds without leave of court, no money shall be sent to the Court or its officers for deposit into the Court's Registry without a court order by the Judge assigned to the case."). Thus, Truist was "free to and should have deposited the funds with the [r]egistry of the Court." *Prudential Ins. Co.*, 2022 WL 613847, at *4.

[5] The Court notes that, Truist may "without Court intervention, invoke Local Civil Rule 67.1(a)(1)(A) and proffer the disputed funds to the Clerk of Court for deposit into the Court's Registry." *Id.*

3